[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for dissolution of marriage.
Many of the underlying facts in this matter are not in CT Page 2995 dispute. The plaintiff and the defendant whose maiden name was Feleky were married on June 15, 1987, at New Haven, CT. Both the plaintiff and the defendant have resided continuously in the State of Connecticut for at least one year next prior to the date of the complaint. There are no minor children issue of the marriage and no minor children have been born to the defendant wife since the date of marriage of the parties. Neither party is receiving state assistance. The marriage between the parties has broken down irretrievably with no reasonable prospects of reconciliation.
The court finds the following additional facts. The parties are in dispute as to the cause of the breakdown of the marriage. From the evidence presented, the court finds that each party is equally at fault for the cause of the breakdown. The plaintiff is presently employed as a store manager for Hallock's Furniture Appliance Company. He has been employed by Hallock's for thirty-one years and has been a manager for twenty-seven years. Up to January 1, 1991, he received a commission known as an override, on sales made by other employees. Since January 1, 1991, he does not receive any override commission. He presently has a weekly draw of $350.00 plus commissions based on his own sales. He does not have any ownership interest in Hallock's. His present average weekly gross is $998.45 and net weekly take-home pay average of $675.43. The defendant is presently unemployed. She has previously been employed as a sales clerk at a gift shop at Caldor's Department Store, as a receptionist at a furniture store, as a babysitter, as an EKG technician, and has worked for a health agency for homebound people. She has taken courses to become, licensed practical nurse while married to the plaintiff but did not complete the courses. She has the equivalent of a college degree from Hungary in child psychology. She is also a certified geriatric nurse. She has also completed a Fugazy Travel Agency course over a five month period while married to the plaintiff. She is presently taking a course that involves a study of vein puncture. When the course is completed, it would enable her to take blood samples for laboratories. The defendant has been self supporting between her previous marriages. This is the second marriage for the plaintiff. He had previously been married for twenty-one years and has adult children from that marriage. He is presently paying alimony to his first wife in the amount of $100.00 per week. The defendant was initially married in 1958. That marriage lasted for ten years and she has one adult son from that marriage. After her divorce in 1968, she remarried in 1971. That marriage lasted approximately one to one and one-half years and she was divorced in 1972. She married her third husband in 1974 or 1975. The third marriage lasted four to five years and she was divorced in 1979. She married her fourth husband in 1982 and was divorced in 1985. Her next marriage was to the plaintiff. The plaintiff is sixty-seven years old and presently suffers from arthritis. The defendant is fifty-five years old. She now has CT Page 2996 I high blood pressure, a breast disease that causes lumps, and varicose veins.
The court makes the following findings regarding real estate assets:
 Fair Purchase Market Mortgage Date of Name of Price Value Balance Equity Purchase Owner *
Regency Drive Condo, Milford, CT $93,000 $85,000 $52,290 $32,710 4-11-90 Joint between Plt. Def. X
North Farms Road Condo, N. Bfd., CT $65,900 $80,000 $57,093 $22,907 5-22-86 Plt.
Lakeview Condo, Bfd., CT $160,000 $120,000 $124,000 ($4,100) 3-18-88 Plt.
Laurel Pond $55,800 $70,000 $47,100 $22,900 7-20-85 Plt. Village Condo, East Haven, CT
Building Lot $3,250 $1,000 -0- $1,000 4-3-81 Plt.
* WHERE DEFENDANT LIVES
X WHERE PLAINTIFF LIVES
The plaintiff purchased on April 12, 1988, in the plaintiff's and defendant's names a home in Kissimee, Florida that the parties intended to be their retirement home. The plaintiff provided the total down payment of $28,000.00 for that home. That home has since then been foreclosed by the bank holding the first mortgage. The Kissimee, Florida home was purchased for a total of $84,300.00. The plaintiff provided the full downpayment of $28,000.00 for the purchase of that home. When the Regency Drive condominium located at Milford, CT was initially purchased on April 11, 1990, it was acquired in the name of the plaintiff only. Approximately one month later he had it placed in his name and that of the defendant. The total downpayment and closing costs of $42,643.00 was from the plaintiff's funds. All of the mortgage payments, taxes, insurance and common charges on the Milford condominium as well as on all of the other condominiums in the sole name of the plaintiff have been made solely by the plaintiff during the course of the marriage.
This court has considered and weighed the factors set forth CT Page 2997 in 46b-86 (c) in determining the issues of assignment of property and have considered and weighed the factors set forth in 46b-82
in determining alimony. This court has also considered and weighed the factors set forth in 46b-62 in determining whether to grant attorney's fees.
ORDER
The court hereby enters the following orders:
I. BY WAY OF DISSOLUTION
The marriage of the parties to this action is hereby dissolved on the grounds of irretrievable breakdown and each of the parties are hereby declared to be single and unmarried.
II. BY WAY OF PROPERTY SETTLEMENT
1. In accordance with the provisions of 46b-81 (a) all of the right, title and interest of the defendant in the Regency Drive condominium, Milford, CT is hereby assigned to the plaintiff.
2. All of the other real estate shown on the plaintiff's financial affidavit is awarded solely to the plaintiff.
3. All of the furniture at the Milford, CT condominium is awarded to the defendant. The defendant is to vacate the Milford, CT condominium by May 15, 1992, and remove all of her furniture by said date. The defendant has the right to remain until May 15, 1992, without paying any rent or other charges relating to the use of said premises. The plaintiff is solely responsible for the mortgage payments, tax payments, insurance payments and common charges for the Milford, CT condominium and is to hold the defendant harmless therefrom.
4. An IRS refund held in escrow by counsel for the parties in the approximate amount of $8,404.00 is to be divided as follows:
a. $3,000.00 to the defendant
b. the balance to the plaintiff
5. The motor vehicles, other personal property, bank accounts, life insurance, and deferred pension plans shown on the plaintiff's financial affidavit are awarded solely to the plaintiff. The motor vehicle and bank account shown on the defendant's financial affidavit are awarded solely to the defendant.
6. The plaintiff is to pay all the liabilities shown on his CT Page 2998 financial affidavit and hold the defendant harmless therefrom.
7. The defendant is to pay all of the liabilities shown on her financial affidavit and hold the plaintiff harmless therefrom.
III. BY WAY OF ALIMONY
1. The plaintiff is ordered to pay to the defendant by way of alimony the sum of $20,000.00. Said $20,000.00 is to be paid at the rate of $400.00 monthly commencing on the first day of the first month after the defendant vacates the Milford, CT condominium and continuing monthly thereafter. Said $20,000.00 is to be without interest. Said alimony is nonmodifiable as to term or amount except that the full balance will become due and payable upon the death of the plaintiff or the defendant or the transfer of title of the Regency Drive, Milford, CT condominium. In accordance with the provisions of 46b-82, the court by way of security for the payment of alimony grants to the defendant a lien on the plaintiff's property at Regency Drive, Milford, CT.
IV. MAIDEN NAME
The defendant is restored her maiden name of Flora Feleky.
V. BY WAY OF ATTORNEY'S FEES
The plaintiff is ordered to pay to the attorney for the defendant the sum of $2500.00. Said payment is to be made from the plaintiff's share of the IRS refund held in escrow.
VI. BY WAY OF MEDICAL COVERAGE
The plaintiff is to cooperate in making available to the defendant any continuation of his major medical and hospitalization and other health related insurance coverage available through his employment at the sole expense of the defendant for the maximum period allowed by law.
VII. MISCELLANEOUS
The division of the IRS fund and payment of counsel fees is to take place one day after the defendant vacates the Regency Drive, Milford, CT condominium.
SIDNEY AXELROD, JUDGE CT Page 2999